# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
                Plaintiff, )   CRIMINAL ACTION
)
v. )   No. 01-20147-01-KHV
)
RALPH MERCADO, )
)
                Defendant. )
_____)

## MEMORANDUM AND ORDER

On December 9, 2002, defendant pled guilty to assault on a federal correctional officer in violation of 18 U.S.C. § 113(a)(4). On March 3, 2003, the Court sentenced defendant to six months in prison, consecutive to his sentence in another case (S.D. Ga., Case No. 95-00006-03). On August 10, 2005, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. This matter is before the Court on defendant's Motion To Re-Open Criminal Case Based On Exculpatory Evidence "Witness" (Doc. #146) filed September 24, 2012, which the Court construes as a second or successive petition under 28 U.S.C. § 2255. For reasons stated below, the Court overrules defendant's motion for lack of jurisdiction.

## Analysis

After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. A defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a

petition under a different name. United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

The Court in its discretion construes defendant's present motion as a second or successive petition under 28 U.S.C. § 2255.[1] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1223 n.16.

Because it appears that defendant's motion is without merit, the Court overrules the motion rather than transferring it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial

---

[1] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely, however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

resources to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Defendant argues that his prior "appeal/motion" was dismissed based on the assumption that his appointed counsel, Brian L. Leininger, sent out letters to each of the alleged witnesses and that none of them responded. Motion To Re-Open Criminal Case Based On Exculpatory Evidence "Witness" (Doc. #146) at 2. Defendant has submitted the "affidavit" of Lawrence Ringer who states that Mr. Leininger did not contact him and that he is willing to testify that defendant acted in self defense. See Exhibit A to Motion To Re-Open Criminal Case Based On Exculpatory Evidence "Witness" (Doc. #146). In effect, defendant asserts that Mr. Leininger was ineffective because he did not secure the affidavit of Mr. Ringer. On appeal of defendant's earlier Section 2255 motion, the Tenth Circuit rejected defendant's claim that postconviction counsel was ineffective for failing to obtain affidavits. See Order (Doc. #143) filed May 8, 2006 at 3. In particular, the Tenth Circuit noted that defendant has no constitutional right to counsel in postconviction proceedings. See id. In addition, the fact that defendant some six years later has obtained an "affidavit" which is not notarized and directly contradicts the factual basis of his plea is insufficient to warrant the filing of a second or successive Section 2255 motion. Accordingly, the Court declines to transfer the present motion to the Court of Appeals for processing.

**IT IS THEREFORE ORDERED** that defendant's Motion To Re-Open Criminal Case Based On Exculpatory Evidence "Witness" (Doc. #146) filed September 24, 2012, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, be and hereby is **OVERRULED for lack of jurisdiction**.

Dated this 28th day of January, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge