**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 01-20147-01-KHV |
| | ) | |
| RALPH MERCADO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On December 9, 2002, defendant pled guilty to assault on a federal correctional officer in violation of 18 U.S.C. § 113(a)(4). On March 3, 2003, the Court sentenced defendant to six months in prison, consecutive to his sentence in another case (S.D. Ga., Case No. 95-00006-03). On August 10, 2005, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. On January 28, 2013, the Court overruled defendant's Motion To Re-Open Criminal Case Based On Exculpatory Evidence "Witness" (Doc. #146), which the Court construed as a second or successive petition under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #147). This matter is before the Court on defendant's Motion For Reconsideration (Doc. #148) filed March 4, 2013.

Defendant argues that the Court misconstrued his motion and that he was attempting to re-open his original Section 2255 motion which the Court overruled in 2005. Even if the Court had construed defendant's motion to re-open as one to reconsider the ruling on his original Section 2255 motion, the Court would have reached the same result. In his motion, defendant did not explain why it took him some six years to obtain a witness "affidavit" which stated that postconviction counsel did not contact the witness. In any event, the witness affidavit is immaterial because as explained by the Tenth Circuit on appeal of defendant's original Section 2255 motion, defendant has no

constitutional right to counsel in postconviction proceedings.  See Order (Doc. #143) filed May 8,

2006 at 3.  Moreover, the witness affidavit is insufficient to justify reconsideration of the Court's

prior ruling on defendant's Section 2255 motion because it is not notarized and directly contradicts

the factual basis of defendant's plea.  Defendant has not shown an intervening change in controlling

law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.

Accordingly, the Court overrules defendant's motion to reconsider.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration (Doc. #148)

filed March 4, 2013 be and hereby is **OVERRULED**.

Dated this 8th day of March, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge